ALEXANDER G. MAUGE *v.* BERNARD HERINGHI.

PLEDGOR AND PLEDGEE.—A pledgee of chattels has a right at common law, if the pledge is not redeemed within the stipulated time, to sell the property pledged, at auction, by giving public notice of the time and place of sale, and if the sale does not satisfy the debt, he may recover the deficiency from the pledgor by an action at law.

73

RIGHT OF PLEDGEE TO SELL THE PLEDGE.—The common law right of the pledgee to sell the pledge upon the default of the pledgor, and thereafter bring his action for any balance remaining unsatisfied, is wholly unaffected by Chapter 1 of Title 8 of the Practice Act.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The money was loaned to the defendant on the 14th of April, 1862. On the first day of October, 1862, the plaintiff gave written notice to the defendant that on the 7th day of October, 1862, he would sell the pledged property at auction, and also gave notice of the hour and place. Plaintiff also published in a daily paper in San Francisco, on the 4th, 5th, 6th, and 7th days of October, notice of the sale.

Defendant recovered judgment in the Court below. A new trial was granted, and defendant appealed from the order granting a new trial.

The other facts are stated in the opinion of the Court.

*W. P. C. Whiting*, for Appellant.

The two hundred and forty-sixth section of the Practice Act declares that there shall be but one action for the recovery of. any debt secured by a mortgage or lien upon real or personal property, which action shall be in accordance with the provisions of that chapter. That chapter (Chap. 1, of Title VIII,) provides exclusively for *foreclosures*, and gives a personal judgment *only* when the subject of the lien or mortgage being exhausted in the manner pointed out, a deficiency remains.

If the debt in suit was a debt secured by a *lien* on personal property, it seems perfectly apparent that a personal judgment upon it could not be had, without first exhausting the subject matter of the lien, any more than a personal judgment could be had upon a note accompanying a mortgage, without first exhausting the mortgaged premises.

Nor is it an answer to this position to say that the subject matter of the lien was exhausted by the sale of the property

pledged, at auction; for it is only after a deficiency is ascertained in the mode pointed out in this chapter, that a personal judgment is authorized on a debt secured by a lien.

*Sidney V. Smith,* for Respondent.

The two hundred and forty-sixth section of the Practice Act has no application to the case at bar, because at the time this suit was commenced there was no pledge or lien in existence—the property having been already sold and the lien thereby destroyed.

The suit was not to recover a debt secured by a lien, but to recover a balance due after subjecting the pledged property to sale.

A pledgee has the right at common law to sell the pledged property, if it be not redeemed within the stipulated time. (Story on Bailments, Sec. 308.) And if the sale does not satisfy the debt, then to recover the deficiency from the pledgor. (Id. Sec. 314.) And there is nothing in section two hundred and forty-six of the Practice Act which takes away that common law right to sell or to recover the deficiency after a sale.

By the Court, SANDERSON, C. J.

This is an appeal from an order granting a new trial. The action was brought to recover a balance due on a loan of one thousand dollars for one month, with interest, at the rate of three per cent per month, secured by a pledge of certain personal property. The contract or obligation was in writing, and in the French language. The complaint admits part payment, and asks judgment for the balance due.

The answer denies specifically all the allegations of the complaint, and then proceeds to aver in substance that the transaction in question was had by the defendant with one Silvy, who was a pawnbroker, as he avers, and who was the real party in interest. That at the time he received the money from Silvy, he left with him in pawn and pledge, goods of the value of fifteen hundred dollars. That the obligation in ques-

tion was in the French language, of which defendant was ignorant, and that he was induced to sign the same by the false and fraudulent representations of Silvy, to the effect that it was a receipt to him (Silvy) for the money, whereas in fact it was a receipt in favor of the plaintiff; all of which, as he avers, was done to cheat and defraud him.

It appears that the plaintiff, the money being unpaid at the maturity of the obligation and in less than six months thereafter, (Statutes of 1861, p. 184, Sec. 4,) duly notified the defendant, after demand duly made, that he would at a certain time and place sell the goods which he held in pledge at public auction. This was done and the amount realized was duly indorsed on the obligation, and this suit was brought to recover the amount remaining unsatisfied by the sale of the pledge.

The real question in controversy, and the one upon which the whole case turned, was whether this transaction was had with the plaintiff, who was not a pawnbroker, through Silvy acting as his agent, or with the latter in his alleged capacity of pawnbroker? The jury in effect found that the latter was the case. The Court below granted a new trial, but upon what particular ground does not appear. But we think the order can be fully sustained upon the ground that the verdict was contrary to the evidence. Upon the question as to whether the money loaned belonged to Silvy or plaintiff, the testimony, except that of the defendant (which is very unsatisfactory), is all one way and contrary to the verdict. But admitting this to be so, it is insisted, on the part of the appellant, that this case falls within the two hundred and forty-sixth section of the Practice Act, and cannot be maintained upon the facts disclosed by the evidence, because it is an action for a personal judgment without first exhausting the mortgage lien in the manner pointed out in Chapter 1, Title 8, of the Practice Act, and the motion for a nonsuit made by him ought therefore to have been sustained.

This case does not fall within nor is it governed by the provisions of that chapter. It is not an action for a debt secured by a lien, but for a balance due after the lien has been

exhausted and its proceeds applied in a manner authorized at common law.    (Story on Bailments, Sec. 308, and Sec. 314.)

This common law right of a pledgee to sell the pledge, upon the default of the pledgor, in the mode adopted in this case, and thereafter bring his action for any balance remaining unsatisfied, is wholly unaffected by Chapter 1, of Title 8, of the Practice Act.

The granting of a new trial rests very much in the discretion of the Court below, and this Court will not reverse such an order except in a case of gross abuse.    (*Peters* v. *Foss*, 16 Cal. 357.)

Order affirmed.